UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| JERRY LEE CLARK, | ) |
| Petitioner, | ) |
| v. | ) CV417-171 |
| UNKNOWN, | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Jerry Lee Clark has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, alleging various deficiencies in his state court criminal case. Docs. 1 & 6. He also seeks leave to file his § 2254 petition *in forma pauperis* (IFP). Doc. 7. Finding him indigent, the Court granted his IFP motion. Doc. 8. Preliminary review under Rule 4 of the Rules Governing Section 2254 Cases shows, however, that his petition must be dismissed.

Clark alleges, among other things, that his state public defenders have been ineffective and seeks copies of various documents from his criminal trial that the state court has refused to provide to him. Docs. 6, 9 & 10. Apparently, his case is ongoing, as he seeks also to "dismiss" and "quash" the "fraudulent" indictment against him, due to the lack of

a "stamped seal of approv[a]l" on its "face." Doc. 10 at 1 & 3 (noting that he has been charged with theft by receiving stolen property in Chatham County and is awaiting charges for burglary in Bryan County); *see also State v. Clark*, CR16-1975 (Chatham County Super. Ct.) (case status "open" with jury trial set to begin January 8, 2018). He contends, among other things, that he was arrested "illegally," that the arresting sheriff failed to give him a *Miranda* warning, and that he has not been timely tried, violating the Speedy Trial Act and the Constitution. Doc. 10 at 2-3.

Because Clark's state court judgment is not yet final, any habeas petition is not yet ripe for review and his petition should be **DISMISSED without prejudice.**[1]  28 U.S.C. § 2254(1)(b)(1)(A) (a petition for a writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State."); *Younger v. Harris*, 401 U.S. 37, 53-54 (1971) (except in extraordinary circumstances, a federal court must abstain

---

[1]  Clark's duplicative 42 U.S.C. § 1983 civil rights complaint, CV417-161, will be screened in a separate order.

from deciding issues in an ongoing criminal proceeding in state court); *Maharaj v. Sec'y for Dep't of Corrs.*, 304 F.3d 1345, 1348-49 (11th Cir. 2002) (a § 2254 petition for habeas corpus relief is not ripe for review where the challenged state convictions and sentences are not final at the time of filing).[2]

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and

---

[2] A stay of this case is also not warranted, as petitioner has made no showing of "good cause" for his "failure to exhaust his claims first in the state court." *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; see *Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this  10th  day of January, 2018.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA