UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JERRY LEE CLARK,

    Petitioner,

v.                                   CV417-171

STATE OF GEORGIA,

    Respondent.

## ORDER

After a careful de novo review of the record in this case, the Court concurs with the Magistrate Judge's Report and Recommendation (R&R), to which objections have been filed. *See Clark v. State of Georgia*, CV417-161, doc. 6 at 1-2 & 5 (seeking reconsideration of the Court's finding that his case was "open" and explaining that he has entered a guilty plea for the lesser charge of theft).[1] The Magistrate Judge recommended dismissal because petitioner Jerry Lee Clark's state criminal case had not yet

---

[1] It appears that petitioner intended this document to be filed as his objections to the Court's R&R in this (his habeas) case rather than an Amended Complaint in that (his 42 U.S.C. § 1983 civil rights) case, despite including the other case's case number. He labeled it "Reconsideration Petition to Proceed Claim" and made passing reference to the Court's findings in the R&R. It is thus construed as his timely-filed objection to the R&R.

concluded (doc. 11), but apparently petitioner has since entered a guilty plea and judgment has been entered against him. *Id.; see also State v. Clark*, CR16-1975 (Chatham County Super. Ct. docket reflecting cancelled jury trial and "nolle prosequi" notation on the indicted charge of burglary). In that event, though the Court is no longer bound to abstain from intervening in an ongoing state case, *see Younger v. Harris*, 401 U.S. 37, 53-54 (1971), it *is* prevented from weighing in on petitioner's request for habeas relief because he has not yet exhausted his administrative remedies with the state habeas court.

Clark has not yet appealed or pursued state habeas relief for the litany of ills he claims preceded entry of his guilty plea. Before seeking § 2254 relief in federal court, petitioners must "fairly present" their claims to state courts to give them a "full and fair opportunity to resolve federal constitutional claims." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); 28 U.S.C. § 2254(b)(1)(A) (habeas petitioners must "exhaust[ ] the remedies available in the courts of the State" before seeking federal relief); *see also Reedman v. Thomas*, 305 F. App'x 544, 546 (11th Cir. 2008) ("Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion."). Clark

has yet to do that. He must fully exhaust his "right under the law of the State to raise, by *any* available procedure, the question presented" before coming here. 28 U.S.C. § 2254(c) (emphasis added).

Because it "plainly appears from the petition... that the petitioner is not entitled to relief" at this time, the Court "must dismiss the petition and direct the clerk to notify the petitioner." Rule 4, Rules Governing Section 2254 Cases.

Accordingly, the R&R is **ADOPTED** on alternative grounds, and this case is **DISMISSED** without prejudice for lack of exhaustion.[2]

**ORDER ENTERED** at Augusta, Georgia, this 5th day of February, 2018.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

2 A stay of this case is also not warranted, as petitioner has made no showing of "good cause" for his "failure to exhaust his claims first in the state court." *Rhines v. Weber*, 544 U.S. 269, 277 (2005).